IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC REED MARASCIO, #1688460 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv381 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER**

Petitioner Eric Reed Marascio, formerly an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A final judgment was entered on July 18, 2017, dismissing the petition.

Pending before the Court is petitioner's Motion to Reopen Case (docket entry no. 30), filed August 24, 2017. Petitioner states he did not receive the copy of the Report and Recommendation sent to him. As a result, petitioner contends he was denied the opportunity to file objections. Therefore, petitioner requests relief under FED. R. CIV. P. 60(b)(1) and (6).

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Additionally, Rule 60(c) provides the timing and effect of the motion. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Here, petitioner complains he did not receive a copy of the Report and Recommendation sent to him. As petitioner is no longer confined, the copy of the Report and Recommendation was served by certified mail to petitioner's Post Office Box in Allen, Texas. In support of his claim, petitioner attached a tracking report apparently printed from the internet which indicates that the Report and

Recommendation was "in transit" as of July 31, 2017. However, the copy of the Report and Recommendation mailed to petitioner's Post Office Box was returned to the Court by the Postal Service on August 3, 2017 because it was unclaimed by petitioner and the Postal Service was unable to forward the mail.

The issue raised in petitioner's motion for relief existed at the time of the Final Judgment and was, therefore, subject to relief under Rule 59 or could have been reviewed on direct appeal. In such situations, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b) . . . ." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Id.* Although pleadings submitted by *pro se* litigants are held to less stringent standards than those by licensed attorneys, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The Fifth Circuit "has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor*, 769 F.2d at 287 (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir.) (en banc), *cert. dism'd*, 468 U.S. 1222 (1984).

Here, the copy of the Report and Recommendation sent to petitioner's Post Office Box on May 30, 2017 was ultimately returned to the Court by the Postal Service on August 3, 2017 because it was unclaimed by petitioner and the Postal Service was unable to forward the mail. However, petitioner obviously received his copy of the Order of Dismissal and the Final Judgment. Therefore, petitioner could have obtained a copy of the Report from the Clerk of Court and filed a timely Rule 59 motion or notice of appeal. Petitioner, however, did not seek either of these avenues for relief

and offers no excuse for such failure. Further, petitioner did not file his motion for reopen the case until after his time to file a motion under Rule 59 and notice of appeal had expired. As set forth above, petitioner may not use Rule 60(b) as an end run to effect an appeal outside the specified time limits. *See Pryor*, 769 F.2d at 288. Accordingly, petitioner's motion is untimely and should be denied.

Further, even affording petitioner's motion review under Rule 60(b) in the alternative, petitioner has failed to set forth a meritorious reason justifying relief from the judgment in this action. As previously stated, relief under Rule 60(b) will be afforded only in "unique circumstances." *Pryor*, 769 F.2d at 287. The determination of excusable neglect for purposes of Rule 60(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Bynum v. Ussin*, 410 F. App'x 808, 810 (5th Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). Although Rule 60(b)(1) affords relief from judgments and orders in cases of excusable neglect, it is well established that this relief does not extend to cases of gross carelessness, ignorance of the rules, ignorance of the law, or even inadvertent mistake. *Pettle v. Bickham (In re Pettle)*, 410 F.3d 189, 192 (5th Cir. 2005). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977).

Petitioner has neither alleged nor demonstrated any reason for his failure to claim certified mail delivered to his Post Office Box, asserting only that he did not receive the Report and Recommendation. Additionally, petitioner's refusal or failure to claim his certified mail, causing the Report to be returned to the Court, did not deprive him of any legal recourse because he could have obtained a copy of the Report from the Clerk following the receipt of the Final Judgment and sought relief under Rule 59 or pursued a timely appeal. "[T]he desirability of orderliness and predictability in the judicial process speaks for caution in reopening judgments." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). Relief under Rule 60(b) should be granted only in "extraordinary

circumstances." *Iljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Plaintiff's failure to diligently check his Post Office Box and claim his certified mail does not amount to extraordinary circumstances to justify Rule 60(b) relief. Further, petitioner failed to act diligently even after his discovery of the fact he did not receive a copy of the Report and Recommendation. Petitioner's motion is an improper attempt to reopen and relitigate his claims. Accordingly, petitioner's motion will be denied. It is therefore

> **ORDERED** that petitioner's Motion to Reopen Case is **DENIED**.
> **SIGNED** this 25th day of October, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE